UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
**JEROME WASHINGTON**, :
:
                Plaintiff, :
: **MEMORANDUM DECISION AND ORDER**
   – against – :
: 24-CV-8743 (AMD) (SIL)
:
:
**SHERIFF LAROCCA, CAPT. FRATTO, LT.** :
**SCHIMMEL, LT. RHODES, LT. OTTO, C.O.**
**BRAVO, C.O. DONNERY, C.O. NATOWSKI,** :
**C.O. CAMPBELL, SGT, SAMOSA, C.O.**
**ALLEN, C.O. ANDY DIGANGI, C.O. BATHEA,** :
**C.O. PEREZ, C.O. PEREZ, C.O. MARTINS,**
**C.O. O'NEAL, C.O. BARBARA, C.O. SCOTT,** :
**and LT. RAMKEE**,
                Defendants. :

----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On December 20, 2024, the *pro se* plaintiff, currently incarcerated at the Nassau County Correctional Center ("NCCC"), filed this action pursuant to 42 U.S.C. § 1983 against 20 prison officials employed at NCCC. (ECF No. 1.) The Court grants the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the following reasons, the complaint is dismissed with leave to amend.

## BACKGROUND

The plaintiff alleges that his privacy was violated by the placement of cameras in the medical unit, that he was denied medical attention for chest pains, that he was "maced by C.O. Allen" and that C.O. "Andy Digangi use[d] excessive force." (ECF No. 1 at 4.) He alleges he suffered chest pains and a sprained ankle. (*Id.*) The plaintiff seeks the removal of cameras "out of rooms and C.O.'s to wear body cameras" and $20 million in damages. (*Id*. at 5.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nonetheless, the Prison Litigation Reform Act requires a district court to screen an incarcerated person's civil complaint against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Moreover, a district court must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see id.* § 1915(e)(2)(B)(i)–(iii).

2

**DISCUSSION**

The plaintiff claims that C.O. Allen maced him and that C.O. Digangi used excessive force. (ECF No. 1 at 4.) However, the plaintiff does not say when these events occurred or describe what C.O. Digangi did that constituted excessive force. These "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, are insufficient to state a claim against either C.O. Allen or C.O. Digangi.

Nor can the plaintiff's complaint proceed against the remaining 18 defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Here, the plaintiff has not alleged the personal involvement of the remaining 18 defendants or any facts connecting those defendants to the alleged violation of the plaintiff's constitutional rights. To the extent the plaintiff sues Sheriff Larocca in his capacity as a supervisor, the United States Supreme Court has held that "vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676.

Finally, the plaintiff claims about the placement of cameras in the medical unit are not sufficient to allege a privacy claim. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."); *Roundtree v. City of New York*, No. 15-CV-8198, 2018 WL 1586473, at *12 (S.D.N.Y. Mar. 28, 2018) ("[T]he simple reality of prison life [is] that there is no expectation of privacy in showers, clinics, or other areas in which prison officials routinely monitor and search prisoners.").

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days from the entry date of this Order.  In the amended complaint, the plaintiff must name the individual prison officials who allegedly denied him medical attention, the date of each event, the location of each event and a short, plain statement of what happened.  It is not enough to list the defendants as the plaintiff has done in this complaint.  The plaintiff must describe what each named defendant did or failed to do that resulted in the violation of the plaintiff's constitutional rights.

The amended complaint will replace the original complaint and must stand on its own without reference to the original complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 24-CV-8743 (AMD) (SIL).  If the plaintiff does not file an amended complaint within 30 days of this Order or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close the case.

The Clerk of Court is respectfully directed to mail a copy of this Order and a prisoner's civil rights complaint form to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                 s/Ann M Donnelly

                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
          January 6, 2025